DAVID W. SCOFIELD – 4140
ANDREW R. KOLTER - 13545
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:   (801) 322-2002
Facsimile:     (801) 912-0320
Email: dws@psplawyers.com
          ark@psplawyers.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK BEESLEY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THEODORE L. HANSEN**, an individual,<br><br>Defendant. | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM**<br><br>Case No.  2:17-cv-00889-JNP-DBP<br><br>Honorable Jill N. Parrish |

Pursuant to Fed R. Civ. P. 7, 56 and Local Civil Rule DUCIVR 56-1, Plaintiff Mark Beesley ("Beesley") respectfully moves the Court for summary judgment in his favor, and against defendant Theodore L. Hansen ("Hansen").

### INTRODUCTION AND RELIEF SOUGHT

Beesley requests entry of a final, summary judgment in his favor and against Hansen, on the Agreement (as defined below) in the sum of $370,976.00, plus interest from and after May 6, 2016 at the rate of 1% per month compounded monthly, before

and after judgment until paid in full (totaling $497,543.34 prorated through November 15, 2018), plus all of his reasonable attorneys fees, costs and expenses incurred herein.

The grounds are that there are no genuine issues of material fact and Beesley is entitled to judgment against Hansen in the sum of $497,543.34 as of November 15, 2018 with amounts owing continuing to accrue above described interest before and after judgment until paid in full, as a matter of law.

## MEMORANDUM

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Beesley and Hansen entered into an Agreement dated May 6, 2016 ("Agreement"). *See* a genuine copy of the Agreement, dated May 6, 2016, between Mark Beesley and Theodore L. Hansen, attached hereto as Exhibit A; See Declaration of Mark Beesley, attached hereto as Exhibit E ¶ 2.

2.      The Agreement memorializes agreements and transactions between Beesley and Hansen beginning January 2, 2013. *See* Exhibit A.

3.      The agreements and transactions contained in the Agreement, include but are not limited to, Hansen borrowing money from Beesley, Hansen paying for goods and services using Beesley's American Express and other credit cards and Hansen using Beesley's consulting services for Hansen's benefit. *See* Exhibit A ¶ 2.

4.      The parties agreed that Beesley would be paid fees for Hansen's use of Beesley's credit cards and for Beesley's consulting services and would be paid an interest rate for money borrowed from Mark or credit used and not immediately repaid by Hansen. *See* Exhibit A ¶ 3.

2

5.     The parties recorded transactions between them on an Excel spreadsheet ("Spreadsheet") and a copy of the Spreadsheet was, and is, attached as Exhibit A to the Agreement. *See* Exhibit A ¶ 3; Exhibit E ¶ 2.

6.     The Agreement specified that interest will continue to accrue on outstanding sums due recorded on the Spreadsheet. *See* Exhibit A ¶ 3; Exhibit E ¶¶ 2, 5.

7.     The Spreadsheet shows a total amount due of $370,976 on April 22, 2016. *See* Exhibit A at 6.

8.     At the time the Agreement was executed on May 6, 2016, Beesley had fully performed his obligations, as described above, under the Agreement. *See* Exhibit E ¶¶ 2-4.

9.     Under the Agreement, interest was to accrue on the amounts owed by Hansen to Beesley at 1% per month compounded monthly until paid. See Exhibit A at 1-6; Exhibit E ¶ 5.

10.     On May 15, 2018, counsel for Beesley emailed Hansen's counsel a copy of Plaintiff's 05/15/2018 Set of Discovery Requests to Defendant ("Discovery Requests"). *See* a true and correct copy of the May 15, 2018 email from David Scofield to Doug C. Smith attached as Exhibit B; *See* a true and correct copy of the Plaintiff's 05/15/2018 Set Of Discovery Requests To Defendant attached hereto as Exhibit C; *See* Declaration of David W. Scofield, attached hereto as Exhibit D ¶ 2.

11.     Hansen was ordered by this Court to serve responses to Beesley's Discovery Requests upon Beesley by October 15, 2018. *See* Dkt. No. 50.

3

12.     Hansen failed to respond to the Discovery Requests which included requests for admission. *See* Exhibit C at 14-15; Exhibit D ¶ 3.

13.     Pursuant to Rule 36 the Federal Rules of Civil Procedure, because Hansen failed to respond to the requests for admission included in the Discovery Requests, the following facts are deemed admitted:

     a.  Hansen entered into the Agreement with Beesley. *See* Exhibit A; Exhibit C at 14-15.

     b.  Hansen executed the Agreement with his electronic signature on or around May 6, 2016. *Id.*

     c.  Hansen understood all terms of the Agreement and had the mental capacity to execute the Agreement. *Id.*

     d.  Hansen could have complied with the terms of the Agreement. *Id.*

     e.  The Agreement was never modified. *Id.*

     f.  Beesley performed his obligations under the Agreement. *Id.*

     g.  Hansen did not perform his obligations under the Agreement. *Id.*

**ARGUMENT**

**I.      Standards Applicable to Summary Judgment.**

Rule 56(a) states that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant, asserting there is no genuine dispute about material facts, must support his assertion 'by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions,

interrogatory answers, or other materials; or ... showing that ... an adverse party cannot produce admissible evidence to support the fact.'" *Pumphrey v. Wood*, No. 1:12-CV-115 TS, 2015 WL 1393233, at *4 (D. Utah Mar. 25, 2015), aff'd, 628 F. App'x 615 (10th Cir. 2016)(unpublished) citing FED. R. CIV. P.56(c).

One of the primary purposes of the summary judgment rule is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

The "movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case." *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). "If the movant carries this initial burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element." *Id.* Rule 56 requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal–Mart Stores*, 144 F.3d 664, 671 (10th Cir.1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca–Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir.1992). Mere allegations and references to the pleadings will not suffice. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir.1999). However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Id.*

Applying this standard, the Court should grant Plaintiffs' motion. As set forth above, there is no genuine dispute as to any material fact for trial with respect to Count I of the Complaint, Hansen's breach of the Agreement. Moreover, as discussed below, Beesley is entitled to judgment as a matter of law based on the undisputed material facts. Therefore, the Court should grant the motion and enter partial summary judgment in Beesley's favor.

## II.     Hansen is Liable to Beesley for his Breach of the Terms of the Agreement.

Rule 36(a) of the Federal Rules of Civil Procedure provides that the "matter is deemed admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party ...." "Failure to respond to requests for admission results in automatic admission of the matters requested ... No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing." *Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009). As provided in Rule 36(a)(3) and 36(b) admissions deemed admitted for failure to respond thereby "conclusively establishing that evidence."  See *Urdaneta v. Wells Fargo Bank N.A.*, 734 F. App'x 701, 704 (11th Cir. 2018), Fed R. Civ P. 36(a)(3) and 36(b); *Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005).

The Defendant was served Beesley's requests for admission contained in the Discovery Requests, on May 15, 2018. *See* Exhibit B; Exhibit C at 14-15; and Exhibit D ¶ 2. The Amended Scheduling Order was entered by this Court on September 25, 2018 ordering Hansen to respond to the Discovery Requests by October 15, 2018. *See* Dkt. No. 50. Defendant failed to respond to the Discovery Requests including the requests

6

for admissions contained therein. *See* Exhibit D ¶ 3. The 30 day period for Hansen to respond to the Discovery Requests has long since expired. Therefore, pursuant to Rule 36(a) the matters requested for admission in this case are deemed admitted.

As a result of these admissions Hansen admits that he entered into the Agreement with Beesley Hansen entered into the Agreement with Beesley. *See* Exhibit A; Exhibit C at 14-15. Hansen admits that he executed the Agreement with his electronic signature on or around May 6, 2016. *Id.* Hansen admits that he understood all terms of the Agreement and had the mental capacity to execute the Agreement. *Id.* Hansen admits that he could have complied with the terms of the Agreement. *Id.* Hansen admits that the Agreement was never modified. *Id.* Hansen admits that Beesley performed his obligations under the Agreement. *Id.* Finally, Hansen admits that he did not perform his obligations under the Agreement. *Id.*

Under Utah law, "'[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'" *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224, 230–31 (quoting *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388). The four elements of Beesley's breach of contract claim are conclusively proven by Hansen's admissions. Beesley and Hansen entered into the (1) Agreement (Exhibit A); (2) Beesley performed his obligations under the Agreement; (3) Hansen breached the Agreement by not paying amounts due under the Agreement to Beesley; and (4) Beesley was damaged in the amount owed to him by Hansen under the Agreement, which is $370,976.00 plus interest calculated at 1% per month compounded monthly from the date of the Agreement which equals $497,543.34 as of

November 15, 2018 with amounts owing continuing to accrue such interest before and after judgment until paid in full. *See* Exhibit E ¶ 5; Compound Interest Table which illustrates the interest calculation, as contemplated under the Agreement, i.e. 1% per month compounded monthly, through December 1, 2018, attached as Exhibit F.

## CONCLUSION

For the foregoing reasons, Beesley's motion should be granted.

DATED this 15th day of November, 2018.

PETERS | SCOFIELD
*A Professional Corporation*

/s/ Andrew R. Kolter
Andrew R. Kolter
Attorneys for Plaintiff

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 15, 2018 he caused the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM** to be filed with the Clerk of Court with the electronic filing system which will send notice to the following:

Jared B. Stubbs jstubbs@mhmlawoffices.com

/s/ Andrew R. Kolter

9