# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK BEESLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>THEODORE HANSEN,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:17-cv-00889-JNP-EJF<br><br>District Judge Jill N. Parrish |

　　Before the court is a motion for summary judgment brought by plaintiff Mark Beesley on his sole claim for breach of contract. [Docket 52]. The court had initially set this motion for a hearing. But upon reviewing the briefs, the court determines that a hearing is not necessary. The court GRANTS the motion because Beesley established that he is entitled to judgment in his favor as a matter of law.

## BACKGROUND

　　Theodore Hansen borrowed money from Beesley and used Beesley's credit card for business expenses. Beesley also provided business consulting services to Hansen. Hansen and Beesley executed a contract in which they agreed that an attached spreadsheet accurately represented that Hansen owed Beesley $370,976. The contract stated that this amount, plus interest on outstanding sums, would be due upon demand.

　　Beesley sued Hansen, asserting a breach of contract cause of action. Beesley later moved for summary judgment. He argued that he should prevail as a matter of law because the undisputed

facts showed that he had performed his obligations under the contract and that Hansen had breached the agreement by failing to pay the amount owed.

## ANALYSIS

"The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–31 (Utah 2014) (citation omitted). In order to determine whether Beesley has shown that he is entitled to judgment as a matter of law on his breach of contract claim, the court must initially determine whether Beesley has produced undisputed evidence establishing the first and second elements of the claim under Rule 56 of the Federal Rules of Civil Procedure. The court then turns to the question of whether Hansen has admitted facts establishing the third and fourth elements of a breach of contract claim under Rule 36.

### I. RULE 56

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do this, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Beesley met his initial burden of demonstrating the absence of disputed material facts for the first two elements of his breach of contract claim. He produced the contract, which was

electronically signed by both himself and Hansen. Beesley also provided an affidavit declaring that he had fully performed his obligations under the contract by loaning Hansen money and performing consulting services for him. Indeed, the contract itself recites that Beesley had loaned Hansen money and provided consulting services.

The burden then shifted to Hansen to set forth evidence showing a genuine dispute of material fact as to the first two elements of the breach of contract claim. Hansen did not shoulder this burden. Hansen responded to Beesley's claims that it was undisputed that the parties had formed a contract and that Beesley had performed his obligations under the contract with bald assertions that each of these facts was disputed. But simply writing the word "Disputed" as a response to Beesley's statement of undisputed facts is insufficient to create a genuine dispute. "A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1). Hansen cites no evidence that would create a dispute of fact, nor does he show how the evidence provided by Beesley fails to establish the absence of a genuine dispute regarding the existence of a contract or Beesley's performance under the contract. Thus, Beesley has established the first two elements of his breach of contract under Rule 56.

## II. RULE 36

The third and fourth elements of Beesley's breach of contract claim are breech and damages. Beesley relies upon Hansen's admissions made pursuant to Rule 36 to establish these elements.

Rule 36 provides that a party may serve on another party a request to admit the truth of facts relevant to the case. FED. R. CIV. P. 36(a)(1). "A matter is admitted unless, within 30 days

after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* 36(a)(3). Facts deeded admitted through a failure to respond may support a motion for summary judgment. *Id.* 56(c)(1)(A); *H. B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425 (10th Cir. 1967); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

On May 15, 2018, Beesley served a number of requests for admission on Hansen, including a request that Hansen admit "that You did not perform Your obligations under the Agreement." Hansen did not respond to the request for admissions. On September 24, 2018, the court ordered Hansen to respond to discovery, including the request for admissions, by October 15, 2018. Hansen again failed to respond. Accordingly, Hansen's 30 days to answer to the request for admissions has long since expired, and he has been deemed to have admitted that he failed to perform his obligation to pay the amount owed under the contract.

Hansen argues that he should not be held to his admission because the case would not be decided on the merits. He cites one case in support of his argument: *Raiser v. Utah County*, 409 F.3d 1243 (10th Cir. 2005). In that case, a defendant served a request for admissions on a pro se plaintiff. *Id*. at 1245. About two weeks after the 30-day deadline to respond had run, the defendant filed a notice of admissions with the court. *Id.* Four days later, the plaintiff filed a motion for leave to serve a late response to the admissions. The court denied the plaintiff's motion for leave to serve a late response and granted summary judgment in favor of the defendant based upon the deemed admissions. *Id.* The Tenth Circuit reversed, holding that the district court abused its discretion when it denied the plaintiff's motion to serve a late response to the request for admissions. *Id.* at 1247.

*Raiser* is inapposite because Hansen never filed a motion to withdraw or amend his deemed admission. "A matter admitted under [Rule 36] is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended. . . . [T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b) (emphasis added). In the ten months that have passed since the expiration of Hansen's time to respond to the request for admissions, and the almost six months that have passed since the court-ordered deadline for Hansen to respond to the request for admissions, Hansen never moved to withdraw his deemed admissions. Nor does he suggest that he can deny the request that he admit that he failed to perform his obligations under the contract. Absent a motion, the court has no occasion to withdraw Hansen's deemed admissions.

In short, Hansen is deemed to have admitted that he failed to perform his obligation to pay the amount owed under his contract with Beesley. This admission establishes both that Hansen breached the contract and that Beesley was damaged by the breach because he did not receive the amount owed. Thus, Beesley has prevailed as a matter of law on all of the elements of his breach of contract claim.

### III. INTEREST

The contract provides: "Interest will continue to accrue on the outstanding sums due recorded on the Spreadsheet." Although the contract does not explicitly state the interest rate on outstanding sums, the phrase "continue to accrue" indicates that the parties had agreed to the interest rate Hansen had paid in the past on amounts he owed. The spreadsheet attached to the contract shows that from July 1, 2014 until April 1, 2016 (about a month before the contract was

executed), Beesley had charged 1% compound interest per month. Thus, Beesley is entitled to 1% interest compounded monthly on the amount owed under the contract.

At the time that Beesley and Hansen executed the contract, Hansen owed $370,976. Beesley has provided a chart calculating 1% compound monthly interest on this amount through December 1, 2018. On that date, including interest, Hansen owed $500,019. The court orders Beesley to provide an interest calculation up through May 1, 2019, as well as a daily interest calculation after that date. The court further orders Beesley to brief whether the contract interest rate will apply to the judgment amount or whether the standard post-judgment interest rate should be applied. Beesley shall respond by April 24, 2019. Hansen may file a response brief by May 8, 2019.

## CONCLUSION AND ORDER

For the reasons stated above, the court GRANTS Beesley's motion for summary judgment. [Docket 52]. The court orders the parties to brief issues regarding the calculation of interest as described above.

Signed April 10, 2019.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge